### In re RODEWALD et al.

### No. 7762.

District Court, S. D. Illinois, S. D.

June 13, 1938.

906

Ernest G. Utter, of Rushville, Ill., for E. E. Yarbrough, receiver.

T. E. Bottenberg, of Rushville, Ill., and Wilson & Schmiedeskamp, of Quincy, Ill., for general creditors opposed to claims.

Charles G. Briggle, Jr., of Springfield, Ill., Gumbart & Grigsby, of Macomb, Ill., and William J. Long, of Rushville, Ill., for preferred claims.

Gumbart & Grigsby, of Macomb, Ill., for petitioner Eva Patton.

ADAIR, District Judge.

This cause having been heard upon the intervening petition of Eva S. Patton, and the Court having heard evidence in said matter and the argument of counsel, finds that the said Eva S. Patton, a resident of Rushville, Schuyler County, Illinois, on March 18, 1931, deposited with A. P. Rodewald and George Dyson, co-partners under the name of Rodewald and Dyson, the sum of Two Thousand Dollars ($2,000), and on April 15, 1931, the sum of Five Thousand Dollars ($5,000) with a request that the said sums of money be placed in real estate loans by the said partnership, now bankrupt, for the interest and benefit of the said Eva S. Patton, and thereupon the said Eva S. Patton took the receipts of the said Rodewald and Dyson for the said sums of money, which receipts provided, among other things, that "both principal and interest are guaranteed by us."

The evidence discloses that the said Rodewald and Dyson thereupon invested said sums in notes; that said notes were secured by a real estate mortgage on certain property of Julia E. Feltham, located in the State of Florida; that George Dyson, one of the partners, was the holder of the said mortgage securing seven certain promissory notes dated March 18, 1929, two of One Thousand Dollars ($1,000), numbered "1" and "2" respectively, each payable two years after date; two of One Thousand Dollars ($1,000), numbered "3" and "4" respectively, due three years after date; and three for the principal sum of Two Thousand Dollars ($2,000), numbered "5", "6" and "7", respectively, due three years after

date, with interest at the rate of 6% per annum, payable semi-annually, until paid.

The evidence further discloses that the petitioner, Eva S. Patton, is the owner and holder of note number 7, secured by said mortgage in the principal sum of Two Thousand Dollars ($2,000) and that A. P. Rodewald, one of the partners, is the owner of three notes, totaling the sum of Five Thousand Dollars ($5,000) that one Guy H. Miller, trustee, is the owner of one note in the sum of One Thousand Dollars ($1,000) and that Maude L. Sweeney is the owner of a note in the sum of One Thousand Dollars ($1,000). The remaining note for One Thousand Dollars ($1,000) is held by Olive Runkle in the amount of Five Hundred Fifty Dollars ($550), Rodewald and Dyson, partners, now bankrupt, in the sum of Three Hundred Fifty Dollars ($350) and Mrs. A. P. Rodewald, wife of one of the partners, in the sum of One Hundred Dollars ($100); and that afterwards, and upon default, the said mortgagor executed and delivered to A. P. Rodewald, one of the now bankrupt partners, a warranty deed, which is now of record in the County Court of Pinellas County, Florida, subject to the aforesaid mortgage of George Dyson, one of the now bankrupt partners, and of the taxes for 1931, and in said deed recites that A. P. Rodewald thereby assumes and agrees to pay the last above-mentioned liens; that the mortgage to George Dyson has never been releaesd of record; that the note now held by the petitioning creditor was endorsed in blank by George Dyson and A. P. Rodewald and interest thereon has been paid to March 27, 1931.

The facts further show that the notes and mortgage were sent to the offices of the now bankrupt partnership at Rushville, Illinois, and that all assignments of notes and business were transacted out of said office in the State of Illinois.

The petitioning creditor insists priority of recovery upon three distinct grounds:

1. That if the contract upon said note and receipt is an Illinois contract, she then is entitled to recovery under the laws of the State of Illinois;

2. That upon the acceptance of the deed by one of the now bankrupt partners, a merger occurred which prevents the unsecured creditors of said bankrupt from receiving a proportionate part of the notes now held secured by said mortgage; and

3. That this is a Florida contract and under the laws of the State of Florida said unsecured creditors cannot recover, because any claims of Rodewald and Dyson would be secondary to claim of the Claimant, and also, due to the endorsement on said receipt wherein it is alleged "both principal and interest are guaranteed by us," that all interest in the mortgage is waived until the petitioning creditor is paid in full.

Upon these facts the Court finds: (1) That the contract entered into upon which the petitioner largely bases her claim was the guarantee attached to the receipt at the time the same was delivered by the partnership to the petitioning creditor. Were this a foreclosure suit, it would, in the opinion of this Court, come under the laws of the State of Florida. But the right, if any, upon which this suit is based, depends upon a contract entered into in the State of Illinois and that contract is one guaranteeing the return of money placed in the possession of said partnership by the said petitioning creditor.

Perhaps the leading case in the State of Illinois is that of Domeyer et al. v. William L. O'Connell, Receiver, 364 Ill. 467, 4 N.E. 2d 830, 108 A.L.R. 476. While the facts were somewhat different in that case than in the instant case under consideration, in the Domeyer Case, there was no guarantee of either the note or the receipt, while in the case under consideration, there was a guarantee of receipt but no guarantee upon the note. In the case of Domeyer v. O'Connell, supra, it affirms in very strong language the case of Kelley v. Middlesex Title, Guarantee & Trust Company, 115 N.J.Eq. 592, 171 A. 823, a recent New Jersey case in which the facts were identical with the case at issue, with perhaps the one exception that in the last-mentioned case, the note itself was endorsed, "With recourse." In the case of Domeyer v. O'Connell, supra, the assignment was without recourse and, therefore, it is argued that the guarantee upon the receipt takes this case without the reasoning in said case of Domeyer v. O'Connell, supra.

 The last-mentioned case held in no uncertain terms that the "pro rata" rule and not the "pro tanto" rule should be followed in the State of Illinois. And this Court finds that a guarantee upon either the note or the receipt would give the holder no greater interest in the mortgaged security than without the same. A guarantee is a

908

purely personal obligation upon the part of the guarantor and is not meant to work a hardship on holders of other notes secured by the same security. And while the Domeyer v. O'Connell Case is not based upon the question of a guaranteed creditor, the reasoning upon which it is based applies to the instant case.

■ (2) The Court further finds that the evidence in this cause does not disclose any intent of merger. The evidence shows that a deed was obtained to the property by one of the partners from the mortgagor; that some conversation was had between the mortgagor and one of the partners in regard to the release of the mortgage and the delivery of the notes; that the grantee in said deed refused to so deliver and stated that they were held in the interest of parties who had purchased notes from the mortgagee. The conversation tended to show that the mortgagor would be protected from any further losses, so far as said grantee could assure. This evidence, in the opinion of this Court, is not sufficient to show a merger.

■ (3) The Court further finds that the entire transaction upon which this suit was based was the guarantee placed upon the receipt and the endorsement upon the note; that all of these transactions took place in the State of Illinois and should be determined under the laws of the State of Illinois, and not under the laws of the State of Florida.

■ The Court further finds, and orders, that the rights of the common creditors now occupy the same position that the partnership would occupy were they not in bankruptcy, and that there are certain funds now in the hands of the trustee that have been received as rents, issues and profits upon the property in the State of Florida, and that said sums, after the payment of the costs and expenses of said trustee, as trustee for this particular property should be paid pro rata to the petitioning creditor and other noteholders and that the pro rata part of the notes held by the partners now bankrupt, individually and as a partnership, should be retained for the benefit of the common creditors; that upon the sale and disposition of said property, the petitioning noteholders and all noteholders not partners should receive their pro rata part of said proceeds; that the pro rata part of the proceeds due said partnership, and A. P. Rodewald and George Dyson as individuals,

should be retained for the benefit of the common creditors; and that if the proceeds of said property does not satisfy in full said secured noteholders, that a claim should be allowed for such deficiency in said bankrupt estate.